IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEMARLOS DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:10-CV-902-ID |
| ) | [WO] |
| ) | |
| MAX ANDREWS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Demarlos Davis ["Davis"], a county inmate, challenges the constitutionality of a first degree attempted rape charge pending against him for retrial before the Circuit Court of Houston County, Alabama.[1] Davis names Max Andrews, an adverse witness at his 2007 trial and potential witness for the retrial, Butch Binford, the assistant district attorney assigned to his case, and Jerry White, the state circuit judge presiding over his criminal case, as defendants in this cause of action. Hall seeks dismissal of the criminal charge pending against him before the Circuit Court of Houston County, Alabama and damages from the defendants.

---

[1] Although Davis was initially convicted of first degree attempted rape by the Circuit Court of Houston County, Alabama in May of 2007, he advises the Alabama Supreme Court reversed this conviction on direct appeal. The state criminal case is therefore now pending before the Circuit Court of Houston County, Alabama for another trial on the first degree attempted rape charge.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Claims for Monetary Damages

1. <u>Judge Jerry White</u>.  Davis argues Judge Jerry White violated his constitutional rights during proceedings related to a criminal charge lodged against him for first degree attempted rape.  The request for an award of monetary damages from Judge White entitles Davis to no relief in this cause of action.

After a thorough review of the pleadings filed by the plaintiff and despite his protestations to the contrary, it is clear that all of the allegations made by the plaintiff against Judge White emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, the plaintiff's claim for monetary damages against Judge Jerry White

---

[2] The court granted Davis leave to proceed *in forma pauperis*. *Order of October 27, 2010 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

is "based on an indisputably meritless legal theory" and is therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

    2. <u>Butch Binford</u>.  Davis challenges the constitutionality of actions undertaken by assistant district attorney Butch Binford with respect to his prosecution of a criminal charge lodged against the plaintiff for first degree attempted rape.  Although the plaintiff makes self-serving conclusory allegations to the contrary, it is clear from the complaint, as amended, that each of the claims made against defendant Binford emanate from his representation of the State with respect to criminal proceedings before the Cirucuit Court of Houston County, Alabama.  "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of ... prosecution [for non-support], *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions of defendant Binford about which the plaintiff complains relate to the role this defendant undertook "as an 'advocate' for the state" and such actions were and are "intimately associated with the judicial phase of the [state] process." *Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998) (citations omitted). Defendant Binford is therefore "entitled to absolute immunity for that conduct." *Id.* Consequently, Davis' request for monetary damages against Butch Binford lacks an arguable legal basis and is therefore subject to summary dismissal in accordance with the clear directives of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke*, 490 U.S. at 327.

3. <u>Max Andrews</u>. Davis alleges Max Andrews "for the sake of the alleged victim perjured himself" during the 2007 trial and provided testimony implicating Davis in the commission of the charged offense. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Davis maintains this assertion of perjury, in and of itself, is violative of his constitutional rights.

This claim, however, provides no basis for relief in the instant cause of action.

The law is well settled that 42 U.S.C. § 1983 does not authorize the assertion of a damages claim for alleged acts of perjury during state court proceedings. *Briscoe v. LaHue*, 460 U.S. 325, 334-336, 103 S.Ct. 1108, 1115-1116, 75 L.Ed.2d 96 (1983) (all witnesses, including government officials, are entitled to absolute immunity from damages liability for their testimony in judicial proceedings);[4] *Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988); *Austin v. Borel*, 830 F.2d 1356, 1359 (5th Cir. 1987). Thus, the plaintiff's perjury claim is "based on an indisputably meritless legal theory" and is therefore subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

## B.  The Conspiracy Claim

In an amendment to the complaint, Davis makes the specious allegation that the adverse actions about which he complains are the result of a vindictive conspiracy against him by the defendants. *Plaintiff's Amendment to the Complaint - Court Doc. No. 5* at 2. A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. At best, the assertions made by Davis are self serving, purely conclusory allegations that fail to assert those

---

[4] In *Briscoe*, the Supreme Court further implied that the false testimony in and of itself does not violate an accused's constitutional rights. 460 U.S. at 327, n. 1.

material facts necessary to establish the existence of a conspiracy. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate the plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Other than his suppositious allegations, Davis presents nothing nor can this court countenance the existence of any evidence which indicates the defendants entered into a conspiracy to deprive Davis of his constitutional rights. In light of the foregoing, the court concludes that Davis' bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## C.  Pending Criminal Charge

Davis seeks dismissal of the first degree attempted rape charge presently pending against him before the Circuit Court of Houston County, Alabama. Such relief, however, is not warranted.

Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not

suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Davis has an adequate remedy at law regarding any claims relative to the propriety of the pending criminal charge because he may pursue these claims through the state court system, including the trial court and the state appellate courts, in the on-going state criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Davis must endure additional state criminal proceedings, which could result in conviction and sentence, fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Davis' claims which place into question the constitutionality of the criminal charge for first degree attempted rape pending against him before the Circuit Court of Houston County, Alabama as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, dismissal of the request for relief from the pending charge of first degree attempted rape is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for monetary damages against Jerry White, Butch Binford

and Max Andrews be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The plaintiff's conspiracy claim be DISMISSED with prejudices pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. To the extent the plaintiff presents claims challenging the constitutionality of a criminal charge pending against him before the Circuit Court of Houston County, Alabama, these claims be DISMISSED without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before November 18, 2010 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of November, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE